

FILED
DECEMBER 19, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT EARL WILLIAMS, | § | |
| Petitioner, | § § § | |
| v. | § | 2:07-CV-0154 |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner ROBERT EARL WILLIAMS has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a possible condition of his release to mandatory supervision, the loss of his "street" time, and the revocation of his parole without a state court proceeding. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY[1]

On December 13, 1993, in Cause No. 681,992-C, petitioner was convicted, pursuant to a

---

[1] The procedural history of this case is based solely on petitioner's pleadings and the online TDCJ Offender Information Detail.

plea agreement, in the 338th Judicial District Court of Harris County, Texas, of the offense of possession of a controlled substance, and sentenced to 25 years confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ). Petitioner's offense date was December 10, 1993, as was his original sentence begin date.[2]

On March 19, 2002, after serving approximately eight (8) years and three (3) months flat time on his 25-year sentence, petitioner was granted early release from confinement to parole. As a prerequisite to release, petitioner agreed to abide by the conditions of parole. On June 4, 2002, petitioner was arrested for allegations of assault. Petitioner asserts he was never charged with or arraigned for assault, nor did he ever appear before any judicial officer with regard to allegations of assault. On July 3, 2002, after a parole revocation hearing in Harris County, Texas, the Parole Board found petitioner had violated the terms of his release and revoked petitioner's parole.

Petitioner has filed four (4) state applications for habeas corpus relief since the revocation of his parole. WR-55,888-01, -03, -04, -05. Each of his applications have been denied by the Texas Court of Criminal Appeals without written order based on the findings of the trial court without a hearing, the last application having been denied on July 11, 2007. On July 24, 2007, petitioner filed the instant federal habeas corpus application.[3]

By his federal habeas application, petitioner contends his federal constitutional rights are

---

[2] At the time he was convicted of this offense, petitioner was serving a 10-year sentence for a 1991 conviction of the offense of delivery of cocaine out of the 338th Judicial District Court of Harris County, Texas. Petitioner was released to mandatory supervision on this 10-year sentence on October 9, 1992. Presumably petitioner's release was revoked on this conviction and petitioner returned to prison after his conviction for the possession offense.

[3] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Said application was received and file marked July 26, 2007.

being violated in the following respects:

1. Petitioner's upcoming release to parole will have, as a condition of parole, electronic monitoring as required by Texas Government Code § 508.221, a statute that was not in effect when petitioner committed his offense on December 10, 1993. Therefore, the imposition of this condition to petitioner's parole will be an ex post facto application of law in violation of petitioner's constitutional rights;

2. Respondent is unconstitutionally modifying or extending petitioner's sentence by again requiring petitioner to serve the time he spent on parole in violation of the double jeopardy clause;

3. Petitioner is being denied due process by being imprisoned without court proceedings; and

4. Respondent has abused his discretion by usurping judicial powers and imposing inapplicable parole conditions in violation of the separation of powers mandate.

## II.
## EX POST FACTO APPLICATION OF ELECTRONIC MONITORING LAW

By his first ground petitioner argues his upcoming release to parole will have, as a condition of parole, electronic monitoring as permitted by Texas Government Code § 508.221, a 1997 statute that was not in effect when petitioner committed his offense on December 10, 1993.[4] Petitioner contends the imposition of this condition to petitioner's parole pursuant to the statute will be an ex post facto application of law in violation of petitioner's constitutional rights.

At the time petitioner filed this federal habeas corpus application, petitioner's claim was

---

[4] Section 508.221 states:

A parole panel may impose as a condition of parole or mandatory supervision any condition that a court may impose on a defendant placed on community supervision under Article 42.12, Code of Criminal Procedure, including the condition that a releasee submit to testing for controlled substances or submit to electronic monitoring if the parole panel determines that without testing for controlled substances or participation in an electronic monitoring program the inmate would not be released on parole.

not ripe for determination. Petitioner had not been released to parole and did not know if the condition of electronic monitoring would, in fact, be imposed as a requirement of his parole. It appears that on or about October 15, 2007, petitioner was released to parole as evidenced by a change of address petitioner submitted to the Court on that date. However, there is no evidence in the record before the Court indicating a condition of electronic monitoring was, in fact, imposed on petitioner upon his release.

Moreover, at the time petitioner committed his offense in 1993, Texas statute permitted the imposition of electronic monitoring as a condition of release to parole:

> The Texas Board of Criminal Justice may adopt such other reasonable rules not inconsistent with law as it may deem proper or necessary with respect to . . . conditions to be imposed upon parolees and persons released to mandatory supervision. . . . The parole panel may include as a condition of parole or mandatory supervision any condition that a court may impose on a probationer under Article 42.12 of this code, including the condition that the person released submit to testing for controlled substances or *submit to electronic monitoring* if the parole panel determines that absent testing for controlled substances or participation in an electronic monitoring program the person would not be released on parole. . . .

Tex. Code Crim. Proc. Art. 42.18 sec. 8(g) (1993). Thus, state law allowed the imposition of electronic monitoring as a condition of release to parole at the time petitioner committed the offense for which he was confined, as well as at the time petitioner was released to parole.

Further, the ex post facto prohibition forbids the imposition of punishment not assigned by law when the act to be punished occurred. The imposition of a condition of parole is not a "punishment" imposed on an inmate, rather, conditions of parole are placed upon a releasee to ensure they conduct themselves in a manner consistent with acceptable norms, to prevent situations which could lead to criminal behavior, and to monitor the releasee's conduct and activity. Imposing a condition of parole does not make a sentence more onerous and is not a

violation of the ex post facto clause. Petitioner's first ground should be DENIED.

### III.
### EXTENDED SENTENCE

In his second ground, petitioner argues respondent is unconstitutionally modifying or extending his sentence because his maximum expiration date, which was originally calculated as December 10, 2018, was changed to February 15, 2019 after the revocation of his parole. Specifically, petitioner argues he is serving his calendar time twice, *i.e.*, he is being required to re-serve the time he spent on parole, in violation of the double jeopardy clause. Petitioner contends his original 25-year sentence has thus been increased. This argument is, in essence, a claim that petitioner is constitutionally entitled to flat time, or calendar time, for the approximately 3-month period of time he was out-of-prison on conditional release, and that respondent's failure to credit his sentence with such time violates his federal constitutional rights. Such claim is without merit.

A state prisoner does not have a federal constitutional right to obtain release from confinement prior to the expiration of his sentence. *See Board of Pardons v. Allen,* 482 U.S. 369, 378 n. 10, 107 S.Ct. 2415, 2421 n. 10, 96 L.Ed.2d 303 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). If granted early release, a Texas conditional release violator has no constitutional right, as a matter of federal due process, to credit on his sentence for time spent on parole or mandatory supervision. *See Hallmark v. Johnson,* 118 F.3d 1073, 1079-80 (5 Cir.1997); *Newby v. Johnson,* 81 F.3d 567, 569 (5 Cir.1996); *Hamill v. Wright*, 870 F.2d 1032, 1036-37 (5 Cir.1989); *Starnes v. Cornett,* 464 F.2d 524, 524 (5 Cir.1972). Consequently, petitioner has no state or corresponding federal constitutional right to street time credit. *See Thompson v. Cockrell,* 263 F.3d 423, 426 (5 Cir.2001); *Morrison v. Johnson,* 106 F.3d

127, 129 (5 Cir.1997) (a prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution). Petitioner therefore does not have a liberty interest grounded in the federal Due Process Clause itself that would require respondent to credit petitioner with the street time he spent on parole. Petitioner has failed to state a federal constitutional violation entitling him to federal habeas relief with regard to this time.

Certain offenders who have had their parole or mandatory supervision revoked on or after September 1, 2001, however, may be entitled to credit for a portion of time they spent on parole or mandatory supervision under state law, a denial of which could implicate due process concerns. *See* Tex. Gov't Code Ann. § 508.283(a)(2)(c) (2002); *see Ex parte Spann*, 132 S.W.3d 390, 392 (Tex.Crim.App. 2004). To the extent, if any, petitioner is arguing he is entitled to "street time" under Texas Government Code § 508.283 for the period he was on his unsatisfactorily-completed parole, petitioner is not entitled to relief.

First, to the extent, if any, petitioner contends he has not been awarded the calendar time against his sentence to which he is entitled, petitioner has not shown the Court he has completed the time dispute resolution process pursuant to section 501.0081(b) of the Texas Government Code. Consequently, the claim for street time is unexhausted.

Further, it does not appear petitioner is entitled to credit toward his sentence. Texas law in effect when petitioner was released to mandatory supervision and when such release was revoked, provided that when mandatory supervision for an inmate eligible for mandatory supervision was revoked and that inmate was required to serve the remaining portion of his sentence, *such portion was to be calculated <u>without credit</u> for the time from the date of the inmate's release to the date of revocation if, on the date of the issuance of a the warrant*

*initiating the revocation process, the remaining portion of the sentence is greater than the amount of time from the date of the person's release to the date of issuance of the warrant.* Tex. Gov't Code Ann. 508.283(c) (2002). Here, petitioner's 25-year sentence began on December 10, 1993. According to petitioner, he was released to mandatory supervision on or about March 19, 2002, after having served approximately 8 years and 3 months of his 25-year sentence. Petitioner avers he was arrested on June 4, 2002 for violating his conditional release. Assuming the warrant was issued just prior to or on the date of his arrest, petitioner was on mandatory supervision for approximately 2 ½ months when a warrant was issued. Consequently, petitioner would have had approximately 16 years and 7 months remaining to be served on his sentence on the date the warrant was issued. Since the remainder of petitioner's sentence on the date of the issuance of the warrant was greater than the period of time he was on mandatory supervision, petitioner's sentence is to be calculated without credit for the time of his release to the date of his revocation, *i.e.*, his street time. Petitioner is not entitled to relief on his second ground.

## IV.
## VIOLATION OF DUE PROCESS – NO COURT PROCEEDINGS

Under his third ground,[5] petitioner asserts a claim that respondent has denied him "due process for imprisoning [him] without court proceedings." Petitioner alleges no further facts or arguments to support this claim. It is unclear whether petitioner is claiming his parole revocation violated his due process rights because it was performed by the Board of Pardons and Paroles, an administrative authority, rather than a judicial authority, or whether petitioner is alleging his parole should not have been revoked because there were no court proceedings conducted with regard to the

---

[5]Petitioner includes this claim on his form petition as the concluding sentence under "Ground Two" rather than as a separate ground.

assault offense. Regardless, petitioner's claim is conclusory and should be DENIED on that basis.

## V.
## ABUSE OF DISCRETION

By his fourth ground, petitioner argues respondent has "usurped judicial powers" by "lengthening court ordered sentence . . . in violation of the separation of powers act" and is "imposing inapplicable parole conditions" to petitioner. Petitioner maintains that as the judicial branch of the government sentenced him, respondent (the "administrative branch") cannot modify said sentence. Petitioner contends the addition of a condition of parole, *i.e.*, electronic monitoring, amounts to a modification of the terms of confinement contrary to the original commitment order of the convicting court. Petitioner further argues respondent has increased the length of his original sentence by failing to credit his sentence with the 3-months of street time he was on parole and that such is a modification of petitioner's original sentence. Petitioner is merely reasserting grounds of error previously asserted in the context of an allegation of abuse of discretion and a violation of the separation of powers mandate.

As discussed above, the undersigned finds no constitutional violation with regard to petitioner's first three claims. Nor does the undersigned find any violation of the separation of powers, or any abuse of discretion sufficient to amount to constitutional error. Petitioner's fourth ground should be DENIED.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ROBERT EARL WILLIAMS be DENIED.

# VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of December 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).